UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

**Lawanna Rice,**

Plaintiff,

-against-

**AFNI, INC.**

Defendant

*United States Courts*
*Southern District of Texas*
*FILED*

*SEP 29 2022*

*Nathan Ochsner, Clerk of Court*

**COMPLAINT**                    C.A. No.:

Plaintiff Lawanna Rice ("Plaintiff"), Defendant AFNI, INC. respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of Houston, Texas.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

12. Defendant AFNI, INC. furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service at PO BOX 3097 BLOOMINGTON, IL 61702.

**FACTUAL ALLEGATIONS**

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

Defendant Dispute and Violation

14. On information and belief, on a date better known to Defendant issued information to the credit reporting agencies (CRA's) concerning the Plaintiff that included inaccurate and misleading information relating to her AFNI, INC. account (Account #108256****).

15. The inaccurate information furnished by Defendant AFNI, INC. and published by the CRA's is inaccurate and misleading since the account contains an incorrect payment status, incorrect payment history, incorrect balance, and incorrect past due amount.

16.     Upon information and belief, the account was closed.

17.     Despite this, and the fact that the Plaintiff no longer had an obligation to AFNI, INC. the CRA's continued to report the Plaintiff's incorrect payment status, incorrect payment history, incorrect balance, and incorrect past due amount.

18. The pay status is of significance. This field is specifically designed to be understood as the current status of the account. As such credit scoring algorithms take this data field into account when generating a credit score, and when it is showing this negative status, it would cause a lower credit score to generate than a closed status.

19. In almost all instances' creditors make their credit lending decisions based on these automatically generated credit scores.

20. For this reason, it is not appropriate to state that when the report as read as a whole contains enough information as to not harm the consumer, since the harm to the credit score is happening automatically with this false information.

21. The CRA's have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantor, both known and unknown.

22. Plaintiff notified the CRA's that she disputed the accuracy of the information the CRA's were reporting.

23. It is believed and therefore averred that the CRA's notified Defendant AFNI, INC. of the Plaintiff's disputes.

24. Upon receipt of the dispute of notification regarding the account from the Plaintiff by the CRA's, Defendant AFNI, INC. failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer report with respect to the disputed account.

25. Had AFNI, INC. done a proper investigation it would have been revealed to AFNI, INC. that the current payment status was improperly listed, incorrect payment history, incorrect balance, and incorrect past due amount.

26. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, the CRA's did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make a reasonable attempt to verify that the derogatory information concerning the disputed account was inaccurate.

28. Notwithstanding Plaintiff's efforts, Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

29. As a result of the Defendant failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION

**(Willful Violation of the FCRA as to AFNI, INC.)**

58. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

59. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

60. Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

61. Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

62. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

63. The Defendant AFNI, INC. violated 15 U.S.C. § 1681 by the publishing of inaccurate information; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the inaccurate information; by failing to review all relevant information regarding the same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

64. Specifically, the Defendant AFNI, INC. continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the current payment status still being reported inaccurately.

65. As a result of the conduct, action and inaction of the Defendant AFNI, INC., the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling and detrimental effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

66. The conduct, action and inaction of Defendant AFNI, INC. was willful, rendering Defendant AFNI, INC. liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

67. The Plaintiff is entitled to recover reasonable costs from Defendant AFNI, INC. in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Lawanna Rice, an individual, demands judgment in her favor against Defendant AFNI, INC. for damages and court costs pursuant to 15 U.S.C. § 1681n.

**SECOND CAUSE OF ACTION**

**(Negligent Violation of the FCRA as to AFNI, INC.)**

68. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

69. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

70. Pursuant to the FCRA, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

71. Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then

conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

72. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

73. Defendant AFNI, INC. is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681.

74. After receiving the Dispute Notices from the Bureaus, Defendant AFNI, INC. negligently failed to conduct its reinvestigation in good faith.

75. A reasonable investigation would require a furnisher such as Defendant AFNI, INC. to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

76. Had AFNI, INC. done a reasonable investigation it would have found that the current payment status of this account is inaccurate and false.

77. The conduct, action and inaction of Defendant AFNI, INC. was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

78. As a result of the conduct, action and inaction of the Defendant AFNI, INC., the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

79. The Plaintiff is entitled to recover reasonable costs from the Defendant AFNI, INC. in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Lawanna Rice, an individual, demands judgment in her favor against Defendant AFNI, INC., for damages and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

80. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3); and

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: 8/24/ 2022

Respectfully Submitted,

S/Lawanna Rice
Email: lawanarice52@gmail.com
10310 URBAN OAK TR
HOUSTON, TX
77044

## CERTIFICATE OF SERVICE

I certify or affirm that on this date I served Defendant with a courtesy copy of the foregoing Complaint via U.S.P.S. regular mail with sufficient postage thereon to Defendant's following address:

C T CORPORATION SYSTEM
1999 BRYAN ST., STE. 900 DALLAS, TX 75201


Dated: 8/24/2022

Respectfully Submitted,

S/Lawanna Rice
Email: lawanarice52@gmail.com
10310 URBAN OAK TR
HOUSTON, TX
77044

awanna Rice
0310 Urban Oak Tr
Houston, TX 77044

U.S POSTAGE PAID
FCM LG ENV
BROOKLYN, NY
11217
SEP 26 22
AMOUNT
$1.44
R2304N116717-17

U.S District Court
515 Rusk St
Houston, TX 77002
Attn: Pro Se Dept

United States Courts
Southern District of Texas
FILED
SEP 29 2022
Nathan Ochsner, Clerk of Court